IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Civil Action No. 3:25-cv-642

| | |
|---|---|
| HANNAH & MATTHEW BLACK, <br><br> Plaintiffs, <br><br> vs. <br><br> TRAVELERS PERSONAL INSURANCE COMPANY, <br><br> Defendant. | **NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Travelers Personal Insurance Company ("Travelers"), by and through its undersigned counsel, hereby removes this action from the Superior Court Division of the North Carolina General Court of Justice, in and for Mecklenburg County, to the United States District Court for the Western District of North Carolina. In support thereof, Defendant states as follows:

1. This case was originally filed in the Superior Court Division of the North Carolina General Court of Justice, in and for Mecklenburg County, on July 11, 2025, under the name and style of *Hannah & Matthew Black v. Travelers Personal Insurance Company*, 25-CV-34955-590. Because Mecklenburg County is situated within this district, this Court is the proper venue for removal. *See* 28 U.S.C. § 1446(a).

2. On July 24, 2025, the North Carolina Department of insurance ("DOI") received and accepted a copy of the Civil Summons and Complaint.

3. On July 28, 2025, DOI mailed copies of the Civil Summons and Complaint to Travelers as noted by its Service of Process Letter. (*See* a true and accurate copy of the Service of Process letter, dated July 28, 2025, attached as Exhibit 1.)

4. It is unclear when Travelers actually received the copy of the Civil Summons and Complaint, however it was not on or before July 28, 2025. Accordingly, Traveler's time to remove has not yet expired. *See* 28 U.S.C. § 1446(b)(1); *Elliott v. Am. States Ins. Co.*, 883 F.3d 384, 393–94 (4th Cir. 2018) (finding that 30-day removal deadline does not start until the insurer actually receives the notice from the North Carolina Department of Insurance).

**JURISDICTIONAL BASIS UNDER 28 U.S.C. § 1332**

5. This Court has subject matter jurisdiction over this controversy under 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000.00 and there is complete diversity among Plaintiffs and Travelers.

I. **Complete Diversity of Citizenship Exists**

6. Upon information and belief, Plaintiffs are citizens of North Carolina.

7. Although not alleged in the Complaint, Travelers is a corporation organized and existing under the laws of the State of Connecticut and has its principal office located in Hartford, Connecticut. Therefore, Travelers is a citizen of Connecticut.

8. Thus, because the parties to this action are citizens of different States, complete diversity exists.

## II. The Amount in Controversy Exceeds $75,000

9. As stated above, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

10. The Complaint alleges that Plaintiffs have suffered contractual damages in excess of $25,000.00. (*See* Compl. at ¶ 1.)

11. Plaintiffs' Complaint alleges that damages exceed $25,000; Plaintiffs suffered "substantial hardship" and "substantial loss;" Bad Faith, seeking punitive damages; and and Unfair and Deceptive Trade Practices, seeking treble damages. Plaintiff's Complaint establishes an amount in controversy above $75,000.00 by a preponderance of the evidence.

### A. The Amount in Controversy is Unclear from the Face of Plaintiff's Complaint and the Amount in Controversy Exceeds $75,000.00 be a Preponderance of the Evidence.

12. In *McDonald*, this Court stated "[i]f the amount in controversy is unclear on the face of the initial pleading, including where 'the State practice either does not permit demand for a specific sum **or permits recovery of damages in excess of the amount demanded[**,]' the defendant may assert the amount in controversy in the Notice of Removal." 2021 U.S. Dist. LEXIS 228681, at *4-5 (*citing* 28 U.S.C. § 1446(c)(2))(emphasis added).

13. Likewise, in *Canon*, this Court stated,

> If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—

> (A) the notice of removal may assert the amount in controversy if the initial pleading seeks--
>
>> (i) nonmonetary relief; or
>>
>> (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
>
> (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

2020 U.S. Dist. LEXIS 103433, at *7-8 (*citing* 28 U.S.C. § 1446(c)(2) and *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 135 S. Ct. 547, 190 L. Ed. 2d 495 (2014).

14. Here, North Carolina state practice permits recovery of damages in excess of the amount demanded on the face of Plaintiff's Complaint.

15. Further, Plaintiffs' Complaint establishes, by a preponderance of the evidence, that his damages exceed $75,000.00.

16. Plaintiffs allege that Plaintiffs have suffered "substantial loss" and "substantial hardship" damages in the amount of insurance benefits due and owing to him under the subject policy." (*See* Compl. ¶¶ 17-19.)

17. The insurance benefits available to Plaintiffs under the subject policy are well in excess of $75,000 (*See* Plaintiff's Policy of Insurance with Travelers, policy no. 610194315-633-1 attached hereto as Exhibit 2.)

18. Moreover, when determining the amount in controversy, "the district court should consider any special or punitive damages, such as treble damages" available under state unfair trade practices statutes. *R.L. Jordan Oil Co. of N.C., Inc. v. Boardman*

4

*Petroleum, Inc.*, 23 F. App'x 141, 145 n.3 (4th Cir. 2001) (per curiam); *see also Saval v. BL Ltd.*, 710 F.2d 1027, 1033 (4th Cir. 1983). In addition, Plaintiffs have asserted a claim of common law bad faith and demanded punitive damages, which may also be considered when calculating the amount in controversy. *Id.*

19. Accordingly, the amount in controversy requirement under 28 U.S.C. § 1332 is satisfied.

## CONCLUSION

20. As stated above, the amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs, and this matter is between citizens of different states. Accordingly, this Honorable Court has jurisdiction pursuant to 28 U.S.C §§ 1332 and 1441.

21. Pursuant to 28 U.S.C. § 1441(a), this Court is the proper venue for removal because it is the district and division embracing the place where the originally filed State Action is pending.

22. Pursuant to 28 U.S.C. § 1446(a), the Summons is attached as Exhibit 3 and the Complaint is attached as Exhibit 4. No other pleadings, process, or orders have been served upon Travelers in this action.

23. All documents associated with Case No. 25-CVS-034955-590 of which Defendant is aware are attached hereto.

24. Travelers reserves all defenses based on personal jurisdiction, sufficiency of service of process, sufficiency of process, and any other defense available under Rule 12(b) of the Federal Rules of Civil Procedure.

25. Pursuant to 28 U.S.C. § 1446(d), notice of this removal will be promptly filed with the clerk of the Superior Court for Mecklenburg County, and served on the other parties to this action forthwith.

Respectfully submitted, this the 26th day of August, 2025.

/s/ *Andrew K. Sonricker*
Andrew K. Sonricker (N.C. Bar No. 55224)
Rachel Keen, (N.C. State Bar No. 27777)
Womble Bond Dickinson (US) LLP
555 Fayetteville St., Suite, 1100
Raleigh, North Carolina 27601
Telephone: (919) 755-2100
Facsimile: (919) 755-2150
Email: andrew.sonricker@wbd-us.com
Email: Rachel.keen@wbd-us.com

*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is the attorney at law licensed to practice in the State of North Carolina, is the attorney for Defendant in this matter, and is person of such age and discretion as to be competent to serve process.

That on August 26, 2025, he served a copy of the foregoing **NOTICE OF REMOVAL OF CASE TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA** via email on counsel of record as listed below:

>Nicholas Ciani, Esq.
>Bar No.: 63512
>Attorney for Plaintiffs
>Ciani Law, PLLC
>1529 NE 176' Tell.
>Fort Lauderdale, FL 33304
>Email: manager@ciani.law
>Tel: (954) 654-4445

>/s/ *Andrew K. Sonricker*
>Andrew K. Sonricker, (N.C. State Bar No. 55224)
>Womble Bond Dickinson (US) LLP
>555 Fayetteville St., Suite, 1100
>Raleigh, North Carolina 27601
>Telephone: (919) 755-2100
>Facsimile: (919) 755-2150
>Email: andrew.sonricker@wbd-us.com
>
>*Attorney for Defendant*